114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marcus JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-4231.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 6, 1997.*
Decided May 13, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Aug. 21, 1997.
 
 Before COFFEY, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1992, Marcus Jones was convicted of attempting to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846, and of using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). We affirmed his conviction and sentence in an unpublished order. United States v. Jones, No. 93-1102, (7th Cir. Apr. 11, 1994). We assume familiarity with the facts as stated in our previous order and, therefore, do not repeat them here.
 
 
 2
 Jones later filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. He asserted that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), invalidated his firearm conviction. The government conceded that the instruction was faulty, but argued that a properly instructed jury would still have convicted Jones. After thoroughly reviewing the evidence presented at trial, the district court concluded that all of the evidence pertaining to the weapons charge qualified as evidence that Jones carried the gun in relation to the drug trafficking offense. Therefore, consistent with the Bailey-framework announced in United States v. Robinson, 96 F.3d 246, 250 (7th Cir.1996), the court denied Jones' motion. We agree with the conclusions articulated in the district court's meticulous and well-reasoned opinion, and we affirm.
 
 
 3
 Jones' assertion that there was no evidence that he carried the gun is simply wrong. Three federal agents testified that Jones told them that he took the gun to the back door, thinking he was being robbed, and after he discovered it was a police raid he threw the gun in the laundry room. This testimony clearly constitutes evidence that Jones carried the gun. Although Jones denied this story, instead testifying that he did not even know the gun was present in the house, the jury was free to discredit his testimony as unreliable. Moreover, Jones' point that there was no "active use" evidence is irrelevant. We will affirm outright a § 924(c) conviction, despite an erroneous instruction, "if all the firearms evidence presented qualifies as either active-employment 'use' or 'carry'." Robinson, 96 F.3d at 250 (emphasis added). After carefully reviewing the record, we agree with the district court that all of the relevant evidence presented at trial showed that Jones carried the gun, and none of that evidence "exemplifie[d] only possession or some other now-defunct, inactive 'use'." Id.
 
 
 4
 Jones' reliance on United States v. Holmes, 93 F.3d 289 (7th Cir.1996), and United States v. Ienco, 92 F.3d 564 (7th Cir.1996), is unavailing. In both cases the government presented evidence that the defendants merely possessed the weapons in question in addition to evidence that they carried the weapons. Holmes, 93 F.3d at 294 ("However, other evidence established only the mere possession of firearms ..."); Ienco, 92 F.3d at 570 (evidence that defendants merely possessed the guns could have been basis for jury's verdict). Similarly, in United States v. Jackson, 103 F.3d 561 (7th Cir.1996), also cited by Jones, the government admitted that the defendant neither used nor actually carried the firearm. Id. at 569. Moreover, the fact that several of our "carry" cases involve the defendants transporting firearms in vehicles, see, e.g., United States v. Carraway, 108 F.3d 745 (7th Cir.1997); United States v. Molina, 102 F.3d 928 (7th Cir.1996); United States v. Baker, 78 F.3d 1241 (7th Cir.1996), does not preclude a finding that Jones carried the gun. In Baker, we defined carry as "to move while supporting: TRANSPORT." Baker, 78 F.3d at 1247 (quotation omitted). The evidence presented at Jones' trial is consistent with this definition.
 
 
 5
 Finally, Jones' attempt to redefine "carry" as transferring an object from one domain to another will not help his cause. Even were we to accept this definition, Jones did transfer the gun from one domain (i.e. the living room) to another (i.e. the kitchen) to yet another (i.e. the laundry room). His assertion that he did not carry the gun in the legal sense because he only transported the weapon within a single residence is wholly without merit.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Internal Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)